982 So.2d 918 (2008)
Christopher McLAUGHLIN
v.
LOUISIANA STATE RACING COMMISSION.
No. 2007-CA-0499.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 2008.
Sean D. Alfortish, Law Office of Sean D. Alfortish, APLC, Kenner, LA, for Plaintiff/Appellee, Christopher McLaughlin.
Charles C. Foti, Jr., Attorney General, Kim Raines Chatelain, Assistant Attorney General, New Orleans, LA, for Defendant/Appellant, Louisiana State Racing Commission.
*919 (Court composed of Judge CHARLES R. JONES, Judge EDWIN A. LOMBARD, Judge LEON A. CANNIZZARO, JR.)
LEON A. CANNIZZARO, JR., Judge.
The defendant/appellant, the Louisiana State Racing Commission ("Racing Commission") appeals a trial court judgment granting a petition for mandamus filed by the plaintiff/appellee, Mr. Christopher McLaughlin. We reverse.

FACTS AND PROCEDURAL HISTORY
Mr. McLaughlin is a horse owner licensed by the Racing Commission and owned the thoroughbred race horse "SAUCEY TIGER," which was trained by Mr. Harold Hahn, III, a trainer licensed by the Racing Commission. Ownership of the horse was transferred to Mr. W. Temple Webber, Jr., another licensed owner, for $20,000.00 via a claiming race[1] on November 24, 2006, at the Fair Grounds Race Course in New Orleans.
Two or three days after the claim, Mr. Hahn approached Mr. Roy C. Wood, Jr., one of the stewards[2] on duty at the time of the race, and asked if he could see the original claim form[3] submitted by Mr. Webber for SAUCEY TIGER. Mr. Wood accommodated Mr. Hahn's request. At that time, Mr. Hahn expressed to Mr. Wood that he did not believe Mr. Webber was at the Fair Grounds at the time of the claiming race and, thus, could not have signed the claim form for SAUCEY TIGER. In addition, Mr. Hahn asked Mr. Wood to obtain from the Racing Commission a copy of Mr. Webber's racing license application in order to verify his signature. On November 30, 2006, Mr. Wood obtained a copy of the license application and gave it to Mr. Hahn. Mr. Wood also gave Mr. Hahn a copy of Mr. Webber's notarized signature, which he had received by fax on December 4, 2006. On December 7, 2006, when Mr. Hahn inquired about the status *920 of the claim, Mr. Wood informed him that the racing stewards had decided to take no action regarding the claim.
On December 12, 2006, Mr. McLaughlin challenged the claim of SAUCEY TIGER by having Mr. Hahn hand deliver a "Petition for Appeal" along with a $500.00 check for the appeal fee to the Racing Commission at its office located at 320 North Carrollton Avenue in New Orleans.[4] Mr. McLaughlin alleged that, pursuant to the Administrative Procedure Act, La. R.S. 49:950 et seq. and La. R.S. 4:141 et seq, the statute regulating horse racing in Louisiana, he was entitled to appeal the stewards' decision to not void the claim of SAUCEY TIGER. By a letter dated December 15, 2006, the Racing Commission informed Mr. McLaughlin that it would not review the claim, stating:
Title to the horse, "SAUCEY TIGER," vested with Mr. Webber on November 24, 2006 under [LAC] § 35:XI.9913. As such, no action for appeal lies from this matter, and/or alternatively to the extent an appeal may have been taken the time for appealing has expired.
The Racing Commission also returned the $500.00 check to Mr. Hahn at the address indicated on the check.
On January 3, 2007, Mr. McLaughlin filed a petition for a writ of mandamus in the Civil District Court for the Parish of Orleans, requesting the court to order the Racing Commission to review the claim as an administrative appeal. The Racing Commission answered the petition and filed peremptory exceptions of no right of action, no cause of action and prescription. After considering the matter, the trial court rendered a judgment in favor of Mr. McLaughlin, granting the writ of mandamus and denying the Racing Commission's peremptory exceptions. The Racing Commission appealed.

ASSIGNMENTS OF ERROR
The Racing Commission raises three assignments of error on appeal. First, it argues that the trial court erred in granting Mr. McLaughlin a writ of mandamus and denying its peremptory exceptions without conducting a contradictory hearing. In the second and third assignments, the Racing Commission argues that the trial court erred in granting the writ of mandamus ordering it to conduct a hearing to review the stewards' decision on the claim of SAUCEY TIGER in view of the evidence, or lack thereof, to support Mr. McLaughlin's allegations.

DISCUSSION
The Racing Commission contends that the trial court granted the writ of mandamus and denied its peremptory exceptions without conducting a contradictory hearing. La. C.C.P. art. 3784 provides that the hearing on a petition for a writ of mandamus may be held in open court or in chambers. Mr. McLaughlin, in response to the Racing Commission's argument, stated in his appeal brief that the January 19, 2007 hearing on his petition took place in the trial judge's chambers, where counsel for both parties argued their respective positions and agreed to submit the matter to the trial court based on the pleadings and evidence presented. Although the record does not contain a transcript from the January 19, 2007 hearing, it is apparent from the trial court's judgment and reasons for judgment that the judge considered counsels' arguments, the pleadings *921 and the evidence before taking the matter under advisement and rendering a judgment on January 23, 2007. Thus, we find no merit to the Racing Commission's first assignment of error.
Next we consider whether the trial court had grounds to issue the writ of mandamus to the Racing Commission, ordering it to grant Mr. McLaughlin a hearing. Mr. McLaughlin contends that, pursuant to La. R.S. 4:154 and La. R.S. 49:955, he is entitled to a hearing to appeal the stewards' decision not to review the claim of SAUCEY TIGER.
La. R.S. 4:154 provides, in relevant part:
A. Except as otherwise provided by this Section, the commission's hearings, practice and procedure, and rule making procedure are as provided in the Administrative Procedure Act;
* * *
B. A final appeal, in the case of any person penalized, or disciplined by the stewards, may be taken to the commission.
C. Such an appeal must be filed in writing at the office of the commission within five days of the date of said penalty or imposition of said discipline.
D. Such an appeal must be signed by the person making it and must set forth his reason therefor.
E. An appeal from the decision of the stewards to the commission shall not affect such decision until the appeal has been acted upon by the commission.
F. The commission must grant a hearing within ten days of the receipt of this appeal, and must render a decision within forty-eight hours following the conclusion of the appeal hearing. Any continuance of a hearing must be reasonable in duration and for just cause.
Similarly, LAC § 35:V.8301, relating to appeals to the Racing Commission, provides:
Any person penalized or disciplined by the stewards may apply to the commission for a suspensive appeal staying the effects of the stewards' action pending disposition of such appeal by the commission. All appeals must be filed in writing at the office of the commission within five days of the date of the penalty or imposition of the discipline.
Further, La. R.S. 49:955 of the Administrative Procedure Act provides, in part, "[i]n an adjudication, all parties who do not waive their rights shall be afforded an opportunity for hearing after reasonable notice."
Mr. McLaughlin alleges in his petition for the writ of mandamus that the claim of SAUCEY TIGER was invalid because Mr. Webber himself did not sign the claim form and the stewards had failed to open the claim box prior to the race as required by the Rules of Racing.[5] He alleges that after Mr. Hahn informed the stewards that the procedures for claiming the horse had not been followed, he (Mr. McLaughlin) timely filed a written formal protest of the claim. He further alleges that once the stewards obtained additional evidence of Mr. Webber's signature, "all agreed and informed Mr. Hahn that the signature on the card did not appear to match the signature on the claim card. However, the stewards did not have a formal hearing at that time." Mr. McLaughlin alleges that after repeated requests *922 for a formal hearing, the stewards held a hearing, but gave neither him nor Mr. Hahn prior notice of it. Finally, he alleges that after the stewards informed him, verbally, through Mr. Hahn, that they had decided to take no action on the matter, he timely submitted his petition for appeal and the $500.00 appeal fee to the Racing Commission.
In support of his petition, Mr. McLaughlin submitted a copy of the December 15, 2006 letter from the Racing Commission informing him that it would not review the claim of SAUCEY TIGER. He also submitted a copy of a letter dated December 27, 2006, which his attorney sent to the Racing Commission, informing it that he (the attorney) was authorized to seek a writ of mandamus if the commission did not reconsider the denial of McLaughlin's petition for appeal.
The Racing Commission, in opposing the petition, submitted a copy of the completed claim form signed by Mr. Webber, copies of the Horsemen's Bookkeeper Statement of Account for both Mr. McLaughlin and Mr. Webber, indicating that Mr. Webber had sufficient funds in his account at the time of the claim and that $20,000.00 was transferred from Mr. Webber's account to Mr. McLaughlin's account on November 24, 2006 to satisfy the claim. It also included the affidavits of the three stewards on duty at the time of the claiming race, Mr. Wood, Mr. Peter A. Kosiba, Mr. Donald T. Brumfield. Each attested that the claim box was opened ten (10) minutes prior to post time for the claiming race, that Mr. Webber's claim form was complete and accurate, that no conclusion on the validity of the claim was made until all three stewards reviewed the claim, and that after all three stewards reviewed the claim, they adjudged the claim for SAUCEY TIGER by Mr. Webber to be valid under LAC § 35:XI.9911.
LAC § 35:XI.9935 provides, "[t]he stewards shall be the sole judge of the validity of a claim." The stewards in this case determined the claim of SAUCEY TIGER by Mr. Webber on November 24, 2006 was valid on that date. If McLaughlin suspected the claiming procedures under LAC § 35:XI.9911 had not been followed and doubted the validity of the claim, he could have protested the stewards' decision pursuant to LAC § 35:V.8301 by filing a suspensive appeal in writing with the office of the Racing Commission within five days of the date of the claim or by November 29, 2006. Mr. McLaughlin specifically alleged that he "timely filed a written protest of the claim," but no evidence of such is found in the record. Although the trial judge determined that Mr. Hahn was acting as an agent on behalf of Mr. McLaughlin when he made the initial complaint to Mr. Wood two to three days following the claim and asked to see the claim form signed by Mr. Webber, nothing in the record supports the finding that Mr. Hahn was authorized to act as Mr. McLaughlin's agent and/or that Mr. Hahn filed a written complaint at that time with the Racing Commission.
Furthermore, regarding his December 12, 2006 petition for appeal, Mr. McLaughlin argued that it was timely because it was filed within five days of December 7, 2006, the day that the stewards informed Mr. Hahn that they would not review the claim. Although the trial judge stated in her reasons for judgment that the Racing Commission did not produce any evidence as to when the stewards made their "final decision" and gave Mr. McLaughlin notice of it, she found that he received notice "sometime after December 4, 2006." Like Mr. McLaughlin, the trial judge erroneously concluded that the final decision was the stewards' informing Mr. Hahn that they would take no action on the claim. In *923 this case, Mr. McLaughlin challenged the validity of the claim, alleging that the claiming rules were not followed. Hence, the stewards' validation of the claim on November 24, 2006 was the decision to be appealed and not their decision to not review the claim. Because, Mr. McLaughlin offered no evidence that he filed a written appeal with the office of the Racing Commission within five days of that date or by November 29, 2006, his petition for appeal filed on December 12, 2006 was untimely. Therefore, we find the trial court had no basis to issue the writ of mandamus compelling the Racing Commission to hear Mr. McLaughlin's appeal.

DECREE
Accordingly, for the above reasons, the judgment of the trial court granting Mr. McLaughlin's petition for a writ of mandamus is reversed.
REVERSED.
NOTES
[1] A "claiming race" is any race in which the ownership of every horse running therein may be transferred from the present owner to a claimant in accordance with the claiming rules and engagements promulgated by the Racing Commission pursuant to the Louisiana Administrative Code (LAC) § 35:XI.9901.
[2] Stewards are racing officials appointed by the Louisiana State Racing Commission for a race meeting who supervise the daily conduct of racing. The stewards have full authority to investigate, inspect, search and inquire into all matters under their supervision. See La. R.S. 4:143 and 4:172.
[3] Rules of Racing, LAC § 35:XI.9911, "Claiming Rules and Engagements" adopted by the Racing Commission provides, "[a]ll claims shall be signed, sealed, time stamped and deposited in a locked box provided for that purpose in a designated place, at least 15 minutes prior to post time for each race. The claim box shall be opened by the stewards and all claims shall remain in their possession. The claim envelopes shall not be opened by the stewards earlier than 10 minutes prior to post time for the designated race. Notification will be made by the stewards to the proper officials of any claim or claims, if any. No money shall accompany the claim. Each person desiring to make a claim, unless he shall have such amount to his credit with the horsemen's bookkeeper, must first deposit with the horsemen's bookkeeper the whole amount of his claim in cash, for which a receipt will be given. If more than one person shall enter a claim for the same horse, the disposition of the horse shall be decided by a lot by one of the stewards or his deputy, and the person so determined to have the right of the claim shall become the owner of the horse whether it be alive or dead, sound or unsound or injured during the race or after it. Any horse, other than the winner, that has been claimed, shall be taken to the paddock after the race has been run, for delivery to the claimant unless sent to the retention barn for delivery to the claimant after the specimen has been collected.
[4] The $500.00 check was made payable to the "LSRC" and drawn on the personal account of "H.L. Hahn."
[5] This case does not involve disciplinary action by the stewards and Mr. McLaughlin fails to allege exactly how he was penalized by the claim. By entering SAUCEY TIGER in the claiming race, Mr. McLaughlin knowingly risked losing ownership of the horse, but he made $20,000.00 when the stewards validated the claim. Thus, arguably, he sustained no loss or penalty.